# United States District Court
# District of Massachusetts

MARILENE O. ROSA and
ADAMACIO DE SOUZA OLIVEIRA,
    Plaintiffs,

    v.                          CIVIL ACTION NO. 10-12141-PBS

MORTGAGE ELECTRONIC
 SYSTEMS, INC., ET AL,
    Defendants.

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT, ON BEHALF OF MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND MERSCORP (#11) AND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT ON BEHALF OF HSBC BANK, NATIONAL ASSOCIATION; HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR MORTGAGE PASS-THROUGH CERTIFICATES 2007-AB1; AND HSBC BANK

# *USA, NATIONAL ASSOCIATION AS TRUSTEE FOR DEUTSCHE ALT-B SECURITIES MORTGAGE LOAN TRUST, SERIES 2007-AB1, MORTGAGE PASS-THROUGH*
# *CERTIFICATES 2007-AB1 PURSUANT TO FED.R.CIV.P. RULES 12(b)(1)*
# <u>*AND 12(b)(6) (#24)*</u>

September 9, 2011

COLLINGS, U.S.M.J.

## I. *Introduction*

On December 13, 2010, pursuant to 28 U.S.C. § §1441 and 1446, Mortgage Electronic Registration Systems, Inc. ("MERS") and Merscorp ("Merscorp" (together with "MERS," collectively referred to as "MERS")) filed a notice of removal of a civil action filed by Marilene O. Rosa and Adamacio de Souza Oliveira ("Plaintiffs") in the Commonwealth of Massachusetts Land Court

Department of the Trial Court (the "Land Court").[1] (#1)  The civil action alleged an invalid conveyance of Plaintiffs' property, lack of standing by MERS to assign any interest in Plaintiffs' property and slander of title. (#1, Exh. 1 ¶¶ 26–77)  The civil action also named HSBC Bank USA, National Association ("HSBC"), HSBC Bank USA, National Association, as Trustee for the Mortgage Pass-Through Certificate Series 2001-AB1 ("HSBC AB1") and HSBC Bank USA, National Association, as Trustee for Deutsche ALT-B Securities Mortgage Loan Trust, Series 2007-AB1, Mortgage Pass-Through Certificates ("HSBC Deutsche") as defendants (MERS, together with HSBC, HSBC AB1 and HSBC Deutsche, the "Defendants"). (#1, Exh. 1 ¶¶ 4–6)  Plaintiffs also filed an Emergency Ex-Parte Motion for Temporary Restraining Order and Preliminary Injunction seeking an order to prohibit Defendants from selling their home. (#1, Exh. 2)  On November 22, 2010, the Land Court ordered the preliminary injunction. (#1, Exh. 3)

MERS filed an answer to Plaintiffs' complaint on December 17, 2010. (#6)  Plaintiffs filed a motion to remand the case on January 10, 2011. (#8) HSBC filed a motion to dismiss for failure to state a claim upon which relief may

---

[1]
The civil action is entitled *Marilene O. Rosa and Adamacio DeSouza Oliveira v. Mortgage Electronic Registration Systems, et al.*, Case No. 10 MISC 442661. (#11 at 1, Exhibit 1)

be granted (#9) together with a memorandum in support on January 13, 2011. (#10) MERS filed a motion to dismiss or in the alternative for summary judgment on January 26, 2011. (#11) On January 28, 2011, MERS filed an opposition to Plaintiffs' motion to remand. (#12) On February 26, 2011, Plaintiffs filed a first amended complaint against all Defendants. (##13, 22) The claims alleged in the first amended complaint are as follows: in Count I, Plaintiffs seek a declaration that the assignment of the Mortgage from MERS to HSBC AB1 was unauthorized and invalid; in Count II, Plaintiffs seek equitable relief to compel Defendants to produce the original Note; in Count III, Plaintiffs seek a declaration that HSBC AB1 lacks status as a bona fide purchaser; in Count IV, Plaintiffs seek a declaration that HSBC Deutsche lacks status as a bona fide purchaser; in Count V, Plaintiffs seek a declaration that MERS lacked standing to assign any interest in Plaintiffs' property; and in Counts VI though VIII, the Plaintiffs allege that the Defendants committed slander of title in foreclosing on the Plaintiffs' property. (#22 at 6–16)

Plaintiffs also filed a motion to withdraw their motion to remand (#23), which was granted on March 3, 2011. HSBC filed a motion to dismiss the first amended complaint for lack of standing and failure to state a claim upon which

relief may be granted (#24)[2], together with a memorandum in support on March 14, 2011. (#25) MERS filed an answer to Plaintiffs' first amended complaint on March 17, 2011. (#26) Plaintiffs filed a memorandum in opposition to HSBC's motion to dismiss the first amended complaint on March 28, 2011. (#27) This Court heard oral argument on the motions on June 15, 2011.

At this juncture, MERS' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56(b)[3] (#11), and HSBC's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1) (#24) stand ready for decision.

## II. Factual Background

The following facts are drawn from the Plaintiffs First Amended Complaint. Plaintiffs executed a promissory note (the "Note") in the amount of $297,000 on July 31, 2006. (#22 ¶ 10, Exh. 1) The Note was secured by a

---

[2]      Docket # 24 supersedes HSBC's previously filed Motion to Dismiss (#9). The previous Motion to Dismiss (#9) is therefore moot; HSBC acknowledged as much as oral argument.

[3]      The Court declines to convert this to a motion for summary judgment and will treat it only as a motion to dismiss. Because the first amended complaint has attached the pertinent documents, or has sufficiently referenced other documents in the record, the Court may consider them in deciding the motion to dismiss. *See Trans-Spec Truck Service, Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir.), *cert. denied*, 129 S. Ct. 500 (2008).

mortgage (the "Mortgage") on the property located at Six Winter Street, Marlborough, Massachusetts (the "Property"). (#22 ¶¶10–11, Exh. 2) The Mortgage was also executed on July 31, 2006 and recorded with the Middlesex County South Recorder of Deeds on August 1, 2006. (#22 ¶ 11) The Note and Mortgage both identify Pinnacle Direct Funding Corporation ("Pinnacle") as the lender and holder of the promissory note. (#22 ¶¶ 10, 12, Exh. 1– 2) The Mortgage identifies MERS as the mortgagee and "a separate corporation that is acting solely as nominee for Lender [Pinnacle] and the Lender's successors and assigns." (#22 ¶ 12, Exh. 2 at 1) Plaintiffs allege that MERS never held and was never assigned the Note, and was never a lender, creditor or beneficiary of the underlying debt or entitled to payments on the Mortgage. (#22 ¶ 15–16)

On January 11, 2008, Pinnacle, the owner and holder of the Note, filed its Articles of Dissolution with the Florida Department of State.[4] (#22 ¶ 17, Exh. 3) Plaintiffs allege that on July 2, 2009, MERS, asserting that it was the holder of the Mortgage, assigned the Mortgage to HSBC AB1 and the assignment was recorded with the Middlesex County Recorder of Deeds on July 7, 2009. (#22 ¶ 18, Exh. 4) The assignment was executed by Andrew S. Harmon as Assistant

---

[4]     Plaintiffs allege that Pinnacle was dissolved on January 1, 2008, but it is clear from the Articles of Dissolution, attached as Exhibit 3 to the Complaint, that the Articles were filed on January 11, 2008.

Secretary and Vice President of MERS and was signed in the presence of a notary public. (#22, Exh. 4). A complaint to foreclose the Mortgage was filed by Harmon Law Offices in Land Court on July 2, 2009 and listed HSBC AB1 as "the assignee and holder of a mortgage with statutory power of sale." (#22 ¶ 19, Exh. 5) A Notice of Mortgage Foreclosure was sent by Harmon Law Offices to Plaintiffs on November 3, 2009 and the foreclosure sale was conducted on December 3, 2009. (#22 ¶¶ 22 – 23) On December 3, 2009, HSBC AB1 sold the property to HSBC Deutsche. (#22 ¶ 24) A Foreclosure Deed by Corporation was recorded by Harmon Law Offices in the Middlesex County Recorder of Deeds on December 15, 2009, whereby HSBC AB1, asserting itself as the current holder of the Mortgage by assignment from MERS, granted the property to HSBC Deutsche. (#22 ¶ 25, Exh. 6) HSBC Deutsche published the sale of Plaintiffs' property on Multiple Listing Service ("MLS") and the "property was under agreement for sale between HSBC Deutsche and an unknown buyer when the sale was enjoined by the Land Court of Massachusetts." (#22 ¶¶ 26–27, Exh. 7)

Plaintiffs allege that MERS only had authority to assign the Mortgage as nominee for Pinnacle, which was dissolved as of the date of the assignment of

the Mortgage to HSBC AB1. (#22 ¶ 21) Therefore, Plaintiffs allege that MERS did not have authority to assign the Mortgage to HSBC AB1, that HSBC AB1 was not authorized to foreclose on Plaintiffs' Property or to sell the Property to HSBC Deutsche, and that HSBC Deutsche is not authorized to sell the Property to an unknown buyer. Plaintiffs also allege that, under the Mortgage, MERS only had statutory power of sale as nominee for Pinnacle or Pinnacle's successors or assigns. (#22 ¶ 20, Exh. 5)

## III. *The Legal Standard*

A motion to dismiss for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), requires "accepting as true all well-pleaded facts in the complaint and drawing all reasonable inferences in the plaintiffs' favor." *Sutliffe v. Epping Sch. Dist.*, 584 F.3d 314, 325 (1 Cir., 2009) (citation omitted). A party's Rule 12(b)(6) motion to dismiss challenges the ability of an opponent's complaint to state a claim. The Supreme Court adopted the view that the complaint must allege facts that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). That means that a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp.*, 550 U.S. at 555 (internal quotation marks, citation and alteration omitted). The factual allegations in the complaint must, accordingly, be specific enough to cross "the line from conceivable to plausible." *Id.* at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Determining whether a complaint states a plausible claim for relief [is]...a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1950 (citation omitted). A court does not have to accept as true allegations in a complaint that are legal conclusions. *Iqbal*, 129 S.Ct. at 1949. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S. Ct. at 1950.[5]

---

[5] The Defendants have also raised the question of the Plaintiffs' standing to challenge the validity of the assignment at issue here. Under Massachusetts law, "[a]ny effort to foreclose by a party lacking 'jurisdiction and authority' to carry out a foreclosure . . . is void." *U.S. Bank National Assoc.*, 458 Mass. 637, 647, 941 N.E.2d 40, 50 (2011). The Plaintiffs appear to have standing under this principle, because the allegations, if proven, would render the foreclosure sale void, under Massachusetts law.

## IV. *Discussion*

### A. <u>MERS</u>

MERS was created to facilitate the mortgage finance industry and to alleviate the "slow and burdensome recording processes" required for transferring and assigning residential mortgages. *In re Agard*, 444 B.R. 231, 247 (Bkrptcy. E.D.N.Y. 2011). "MERS administers an electronic registry to track the transfer of ownership interests and servicing rights in mortgage loans, serving as mortgagee of record and holding legal title to mortgages in a nominee capacity." *In re Huggins*, 357 B.R. 180, 183 (Bkrptcy D. Mass. 2006). MERS has several members, known as member firms, which subscribe to MERS and pay fees for MERS' services and access to MERS' system. *Kiah v. Aurora Loan Services, LLC,* No. 10-40161-FDS, 2011 WL 841282 at *1 n.1 (D. Mass. Mar. 4, 2011)(*appeal pending,* No. 11-1010 (1st Cir.)). MERS is named as the mortgagee of record in the mortgage so that beneficial ownership and servicing rights of the note may be transferred among MERS members without the need to publicly record such assignments; instead assignments of the note are tracked by MERS' electronic system. *In re Agard*, 444 B.R. at 248 (citation omitted). MERS will typically remain mortgagee and act as agent for any holders of the

promissory note who are MERS members. *Kiah*, 2011 WL 841282 at *1 n.1.

Once beneficial ownership of the note is transferred to a non-MERS member,

MERS will assign the mortgage and the assignment will be recorded with the

registry of deeds. *In re Moreno*, No. 08-17715-FJB, 2010 WL 2106208 at *1

(Bkrtcy. D. Mass. May 24, 2010). In order to facilitate the assignment of

mortgages, MERS typically designates signing authority to employees of its

member firms, pursuant to corporate resolutions. *Aliberti v. GMAC Mortgage,

LLC*, No. 11-10174-NMG, 2011 WL 1625036 at *6 (D. Mass. Apr. 28, 2011);

*Kiah*, 2011 WL 841282 at *1 n.1

   In Massachusetts, "courts have generally held that MERS may both

foreclose and assign mortgages held in its name." *In re Marron*, No. 10-45395-

MSH, 2011 WL 2600543 at*4 (Bkrtcy. D. Mass. June 29, 2011) (collecting

cases). While MERS never actually holds the note, it is authorized to transfer

the mortgage on behalf of a note holder by virtue of its nominee status. *In re

Lopez*, 446 B.R. 12, 18–19 (Bkrptcy D. Mass. 2011); *Kiah*, 2011 WL 841282 at

*8. Furthermore, a mortgagee has authority to assign a mortgage because the

mortgagee retains title to the mortgage and has a fiduciary duty to act on behalf

of a note owner, and the right to assign is consistent with such duty. *In re

*Marron*, 2011 WL 2600543 at *4. If MERS is named as mortgagee in a recorded mortgage, it is authorized to conduct a foreclosure by power of sale pursuant to Mass. Gen. Laws. ch. 244, § 14. *In re Huggins*, 357 B.R. at 183.

B. The Assignment by MERS Complied With the Massachusetts
   Requirements for Mortgage Assignments

Mortgage assignments must be documented and recording the assignment is preferred but not required. *U.S. Bank Nat'l Assoc. v. Ibanez*, 458 Mass., 637, 651, 941 N.E.2d 40, 53 (Mass. 2011). The Massachusetts statute regarding mortgage assignments requires that the assignment be executed before a notary public, by a person purporting to hold a position such as vice president, secretary or assistant secretary of the entity that holds record title of the mortgage. Mass. Gen. L. ch. 183, § 54B (West 2010). Even if a signatory lacks authority, an assignment may still be binding under Massachusetts law if the signatory *purported* to be an officer of the entity holding title to the mortgage and the assignment was executed before a notary public. *Id.*; *Kiah*, 2011 WL 841282 at *7. Some jurisdictions require mortgagees, such as MERS, to prove both its nominee relationship with the note holder and the note holder's authorization of the mortgage assignment in order for an assignment to be valid. *In re Agard*, 444 B.R. at 250-251. However, "under Massachusetts law,

12

an assignment of a mortgage is effective without the need to independently establish the authority of the assignor to make the assignment." *In re Marron*, 2011 WL 2600543 at *6 (citing *Aliberti*, 2011 WL 1595442 at *6; *Kiah*, 2011 WL 841282 at *7). Since Massachusetts law does not require a signatory to prove authority to execute a mortgage assignment, a mortgagee need not prove authorization from the note holder to assign a mortgage. *Aliberti*, 2011 WL 1595442 at *6; *Kiah*, 2011 WL 841282 at *7; *In re Marron,* 2011 WL 2600543 at *6. *But see In re Moreno*, 2010 WL 2106208 at *5 (a party seeking relief from stay to foreclose on a mortgage must prove that an individual, as an employee of a MERS member firm with limited authority to sign on behalf of MERS, had authority to assign the mortgage). A mortgage assignment is valid as long as it complies with the requirements of Mass. Gen. Laws. ch. 183, § 54B. *Aliberti*, 2011 WL 1595442 at *6; *Kiah*, 2011 WL 841282 at *7; *In re Marron*, 2011 WL 2600543 at *6.

Based on the criteria required under Massachusetts law, the assignment by MERS to HSBC AB1 was valid. Since MERS was named as mortgagee and nominee for Pinnacle and Pinnacle's successors and assigns in the Mortgage, MERS was authorized to assign the Mortgage to HSBC AB1. (#22, Exh. 2 at

1–2); *Kiah,* 2011 WL 841282 at *8; *In re Lopez,* 446 B.R. at 18–19; *In re Marron,* 2011 WL 2600543 at *4. MERS is not required prove its nominee relationship or that it had authorization to make the assignment from the current holder of the Note. *In re Marron,* 2011 WL 2600543 at *6. As mortgagee, MERS held title to the Mortgage. *In re Marron,* 2011 WL 2600543 at *4. The assignment was executed by Andrew Harmon, purporting to be Assistant Secretary and Vice President of MERS, the entity that held title to the Mortgage, before a notary public.[6] (#22, Exh. 4). Because the assignment complied with the requirements of the Massachusetts statute regarding mortgage assignments, it is valid. Mass. Gen. L. ch. 183, § 54B (West 2010); *Aliberti,* 2011 WL 1595442 at *6; *Kiah,* 2011 WL 841282 at *7; *In re Marron,* 2011 WL 2600543 at *6.

## C.  Pinnacle's Dissolution Did Not Affect MERS' Authority to Assign the Mortgage

The dissolution of the original lender does not affect MERS' authority to assign a mortgage. *Kiah,* 2011 WL 841282 at *4; *In re Marron,* 2011 WL 2600543 at *5. In *Kiah*, the plaintiff argued that MERS lacked the authority to

---

[6]      The assignment contains a note that Corporate Resolutions evidencing Mr. Harmon's signing authority are on file with the Middlesex County Registry of Deeds. (#22, Exh. 4)  Plaintiffs do not attach a copy of the resolutions to their complaint; however, Plaintiffs do not challenge Mr. Harmon's signing authority.

assign the mortgage to the foreclosing entity because the original lender filed bankruptcy, dissolved, and was no longer in existence prior to the mortgage assignment. *Kiah*, 2011 WL 841282 at *4. This Court found that the plaintiff could not succeed on his theory because he did not challenge the validity of the assignment of the note to the foreclosing entity and such an admission was fatal to his claim. *Kiah,* 2011 WL 841282 at * 4. But, in addition, based on the language in the mortgage, MERS was granted authority to act on behalf of the original note holder as well as its successors and assigns; therefore, the dissolution of the original lender did not prevent its successor from seeking assignment of the mortgage by MERS. *Kiah,* 2011 WL 841282 at *4.

The Bankruptcy Court for the District of Massachusetts relied on the *Kiah* court's reasoning in deciding *In re Marron*. 2011 WL 2600543 at *5. The plaintiff alleged that because there was no chain of written assignments evidencing transfers of the note, MERS, as mortgagee and nominee for the note holder, must have remained the nominee for the original note holder. *In re Marron*, 2011 WL 2600543 at *3. Since the original note holder filed bankruptcy and dissolved approximately two years prior to MERS' assignment of the mortgage to the foreclosing entity, the plaintiff alleged the note holder

could not have directed MERS to make the assignment and therefore the assignment and subsequent foreclosure were invalid. *In re Marron,* 2011 WL 2600543 at *3. In a crucial distinction from *Kiah*, the plaintiff did not admit there was a valid assignment of the note and argued the note was never transferred from the original lender. *In re Marron*, 2011 WL 2600543 at *3. However, the court found that "[t]he fact that the debtors' promissory note passed like a hot potato down a line of owners, including some in bankruptcy and liquidation, with no accompanying assignment of the note owner's beneficial interest in the mortgage, changes nothing," *In re Marron*, 2011 WL 2600543 at *5, because "MERS remained the mortgagee in its capacity as trustee and as nominee for whomever happened to own the note," *id.* In Massachusetts, there is no requirement for a chain of written assignments documenting the transfer of beneficial interest in a mortgage to various note holders. *In re Marron*, 2011 WL 2600543 at **5-6.

Contrary to Plaintiffs' argument, MERS' authority under the Mortgage was not "directly related to, and solely dependent upon, Pinnacle's . . . existence and direction." (#22 ¶ 40). The Mortgage clearly states that MERS was appointed nominee for "Lender [Pinnacle] and Lender's successors and assigns" and MERS

is named as mortgagee under the Mortgage. (#22, Exh. 2 at 1). Nor did Pinnacle's dissolution terminate MERS' nominee relationship with a successor purchaser or assignee of the Note or affect MERS' status as mortgagee, as the Plaintiffs contend. *See Kiah,* 2011 WL 841282 at * 4; *In re Marron,* 2011 WL 2600543 at *5. As mortgagee, MERS continued to hold the Mortgage in trust "for whomever happened to own the Note." *In re Marron*, 2011 WL 2600543 at *5. So, because the assignment complied with the requirements of the Massachusetts statute and it is clear that Pinnacle's dissolution did not affect MERS' nominee relationship with a successor or assignee of the Note or its status as mortgagee under the Mortgage, Plaintiff fails to state a plausible claim that as a result of Pinnacle's dissolution, the assignment by MERS to HSBC AB1 was invalid; therefore, Count I should be dismissed. (#22 ¶¶ 43–45)

### D.  MERS Was Not Required to Possess
### the Note in Order to Assign the Mortgage

In Massachusetts, the mortgage does not automatically follow the note and the mortgage and the note may be held by different parties. *Ibanez*, 458 Mass. at 652, 941 N.E.2d at 53–54. "In Massachusetts, where a note has been assigned but there is no written assignment of the mortgage underlying the note, the assignment of the note does not carry with it the assignment of the

17

mortgage." *Ibanez*, 458 Mass. at 652; 941 N.E.2d at 53 – 54. The holder of the mortgage is deemed to hold the mortgage in trust for the purchaser of the note, "who has an equitable right to obtain an assignment of the mortgage . . . ." *Ibanez*, 458 Mass. at 652, 941 N.E.2d at 54. An assignor of a mortgage is not required to have possession of or beneficial interest in the note in order to assign the mortgage because it holds the mortgage in trust for the note holder. *Kiah*, 2011 WL 841282 at *8.

Plaintiffs' argument that MERS was unable to assign the Mortgage because it did not possess the Note is unsupported by the case law. (#22 ¶¶ 74–77); *Kiah*, 2011 WL 841282 at *8. MERS was not required to possess the Note in order to assign the Mortgage. *Kiah*, 2011 WL 841282 at *8. As discussed above, as mortgagee, MERS had authority to assign the Mortgage. Plaintiff fails to state a valid claim that MERS lacked standing to assign the Mortgage; therefore, Count V should be dismissed.

### E.  HSBC AB1 Was Authorized to Foreclose on the Property

Massachusetts is considered a non-judicial foreclosure state; that is, a mortgage holder is not required to obtain judicial authorization prior to foreclosing on a property. *Ibanez*, 458 Mass. at 645-46, 941 N.E.2d at 49. A mortgage holder must receive judicial certification that the mortgagor is not a beneficiary of the Servicemembers Act prior to foreclosure. *Ibanez*, 458 Mass. at 646, 941 N.E.2d at 49. However, once such certification is obtained, a mortgage holder may foreclose on the property by exercise of the statutory power of sale if such power is granted to the mortgage holder under the mortgage. *Ibanez*, 458 Mass. at 646, 941 N.E.2d at 49. If the power of sale is granted under the mortgage to the original mortgagee, such power may be assigned to an assignee and the assignee may exercise the power of sale if the assignee was assigned the mortgage at the time of the notice of sale and the subsequent foreclosure sale. *Ibanez*, 458 Mass. at 648, 941 N.E.2d at 51. A foreclosing entity must provide proof that it holds the mortgage at the time of notice of sale and if the foreclosing entity is an assignee, it must show that the assignment was made by the party that itself held the mortgage. *Ibanez*, 458

Mass. at 651, 941 N.E.2d at 53. Possession of the note is not required for foreclosures in Massachusetts.

> Massachusetts law does not require a unity of ownership of a mortgage and its underlying note prior to foreclosure. Taken to its logical conclusion, a mortgagee who is not a note holder may exercise the power of sale and foreclosure on the mortgage, but as a fiduciary for the note holder, to whom it must account for the foreclosure sale proceeds.

*In re Marron*, 2011 WL 2600543 at *5 (citations omitted). If the mortgagee is granted the power to foreclose under the statutory power of sale contained in the mortgage, there is no requirement that the mortgagee must also hold the note in order to foreclose. *Aliberti*, 2011 WL 1595442 at *6; *Valerio v. U.S. Bank, N.A.*, 716 F. Supp. 2d 124, 128–29 (D. Mass. 2010).

In *Valerio*, the plaintiffs alleged that the foreclosing entity did not possess the promissory note or acquire the right to enforce the note by the foreclosure date and therefore the foreclosure sale of their property was invalid and thus void. *Valerio*, 716 F. Supp. 2d at 127. MERS was designated mortgagee under the mortgage and MERS assigned the mortgage to U.S. Bank prior to the foreclosure. *Id.* However, it was unknown whether the note was also transferred to U.S. Bank prior to the foreclosure. *Id.* Plaintiffs argued that

"because MERS never possessed or owned the note, the mortgage assignment from MERS to U.S. Bank could not have given U.S. Bank the right to enforce the note" and enforcement of the note was necessary for a valid foreclosure. *Id.* The court in *Valerio* determined that the plaintiff's argument was unlikely to succeed on the merits because "[t]he Massachusetts statute governing foreclosure sales is addressed to mortgagees, not note holders" and it was undisputed that MERS, as the original nominee and mortgagee, assigned the mortgage to U.S. Bank prior to foreclosure and that U.S. Bank was the mortgagee at the time of the foreclosure. *Valerio*, 716 F. Supp. 2d at 128. The plaintiffs failed to cite any Massachusetts cases that supported "their claim that an undisputed mortgagee is nonetheless barred from foreclosing without affirmatively establishing the right to enforce the note . . . ." *Id.* Despite the fact that the defendant did not rebut the plaintiff's contention that U.S. Bank did not possess the note at the time of the foreclosure, the court in *Valerio* Court determined that the plaintiff, as the moving party seeking injunctive relief, failed to meet its burden of proof because it was unable to support its position with any favorable Massachusetts cases. *Id.* at 128 – 29.

HSBC AB1, as a valid assignee of the Mortgage, had authority to foreclose on the Property. The Mortgage clearly delegates the power of sale to MERS and its successors and assigns. (#22, Exh. 2 at 2) MERS, as mortgagee and therefore the party that held the Mortgage, assigned the Mortgage to HSBC AB1 prior to the notice of sale and subsequent foreclosure sale as evidenced by the recorded assignment. (#21 ¶¶ 21–23, Exh. 4); *Ibanez*, 458 Mass. at 651, 941 N.E.2d at 53 ("The key . . . is that the foreclosing entity must hold the mortgage at the time of the notice and sale in order accurately to identify itself as the present holder in the notice and in order to have the authority to foreclose under the power of sale (or the foreclosing entity must be one of the parties authorized to foreclose under G.L. c. 183, § 21, and G.L. c. 244, § 14)"). Because the Plaintiffs' own documents establish that the assignment by MERS was valid under Massachusetts law, HSBC AB1 became the valid mortgagee with the power of sale. *Ibanez*, 458 Mass. at 651, 941 N.E.2d at 53. Therefore, Counts III and IV should be dismissed.

Furthermore, because possession of the Note is not required under Massachusetts law for a valid assignment or foreclosure, Plaintiffs' claim that the Note must be produced also fails. (#22 at 52); *Kiah*, 2011 WL 841282 at *8;

*Valerio*, 716 F. Supp. 2d at 128; *In re Marron*, 2011 WL 2600543 at *5; *Ibanez*, 458 Mass. at 651; 941 N.E.2d at 53. Plaintiffs fail to state a valid claim that the Note must be produced to validate the assignment or the foreclosure. For that reason, Count II should be dismissed.[7]

F. <u>Plaintiffs Fail to State a Claim for Slander of Title</u>

Plaintiffs assert claims of slander of title against the Defendants in Counts VI through VIII. "The term slander of title is defined as 'a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, causing him injury.'" *Powell v. Stevens*, No. 2000-0089, 2004 WL 1047451 at *2 (Mass. Super. May 3, 2004) (quoting 50 *Am Jur.*2d *Libel & Slander* § 548 (1995)). The party asserting a claim for slander of title must show that the statements made were false or that the publisher of the statement acted in reckless disregard of the truth in publishing the statement and that the publication of the statement resulted in a pecuniary loss to the claimant. *Powell*, 2004 WL 1047451 at *3.

---

[7]  The Court notes, in any event, that HSBC has provided a copy of the Note, which reflects that Pinnacle transferred the Note to HSBC. (#25, Exh. A) HSBC also tendered a copy of the original note at oral argument. (The purported transfer, though signed by a Pinnacle signatory, is undated.) The Court also notes that, by Florida statute, a dissolved corporation continues its corporate existence insofar as it is "appropriate to wind up and liquidate its business and affairs." *See* Fla. Stat. Ann. § 607.1405. The parties did not address the effect of this statute on their arguments.

Plaintiffs' claims for slander of title fail because the statements made by Defendants were true. The assignment was valid and therefore MERS' act of recording the assignment could not constitute slander. (#22 ¶ 82); *Powell*, 2004 WL 1047451 at *3. Since the assignment was valid, HSBC AB1 had standing to foreclose on the Property and therefore all actions taken and publications made by HSBC AB1 in connection with the foreclosure were not false or malicious. (#22 ¶ 88); *Powell*, 2011 WL 1047451 at *3. Finally, because HSBC AB1 had standing to foreclose and was authorized to sell the Property to HSBC Deutsche, HSBC Deutsche was permitted to publish notice of sale of the Property on MLS. (#22 ¶ 94); *Powell*, 2004 WL 1047451 at *3. Because Plaintiffs' own documents undercut the claim that the statements made by Defendants were false, the Plaintiffs facially fail to meet one of the elements required for slander of title, and so failing to state a claim. Counts VI–VIII should be dismissed.

## V. *Conclusion*

For all the reasons stated, I RECOMMEND that Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment, on Behalf of Mortgage Electronic Registration Systems, Inc., and Merscorp (#11), and Motion to

Dismiss the First Amended Complaint on Behalf of HSBC Bank, National Association; HSBC Bank USA, National Association as Trustee for Mortgage Pass-Through Certificates 2007-AB1; and HSBC  Bank USA, National Association as Trustee for Deutsche Alt-B Securities Mortgage Loan Trust, Series 2007-AB1, Mortgage Passthrough Certificates 2007-AB1 Pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6) (#24), be ALLOWED and that Final Judgment enter dismissing the above-styled cause.

## VI. Review by the District Judge

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review.  *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*,

702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

*/s/ Robert B. Collings*

ROBERT B. COLLINGS

United States Magistrate Judge